HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DOLORES PEREZ, individually and as successor in interest to Joshua Quintero, deceased,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-01630-ODW (PLAx)<br><br>[Assigned to Judge Otis D. Wright, II, Courtroom "5D"]<br><br>***DISCOVERY MATTER***<br><br>**PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL INFORMATION PRODUCED DURING DISCOVERY** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

After full consideration of the stipulation by the parties for a Protective Order, and FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that:

1. The information contained in the information and/or documents the parties may disclose and/or produce pursuant to *Federal Rule of Civil Procedure* 26 and during the course of discovery, contains private and confidential information.

2. Defendants COUNTY OF LOS ANGELES and DOES 1-10 (collectively "Defendants") will produce documents and information as required by the Initial Disclosures and discovery rules, but only under the strict circumstances

and limitations of this Stipulated Protective Order ("Protective Order") where such documents and information are kept confidential and private with assurances that said documents and information shall not be produced, copied, or disseminated to any person unless authorized by this Protective Order

3. Plaintiff DOLOREZ PEREZ, as an individual and as successor-in-interest to Joshua Quintero (hereafter "Plaintiff") will produce documents and information as required by the Initial Disclosures and discovery rules but only under the strict circumstances and limitations of this Protective Order where such documents and information are kept confidential and private with assurances that said documents and information shall not be produced, copied, or disseminated to any person unless authorized by this Protective Order.

3. **GOOD CAUSE STATEMENT:** Good cause exists for entry of this Order. Disclosure of private information by Defendant and its employees, Plaintiff and third parties would be invasive of the privacy of such individuals and may pose a serious risk to their personal safety and well-being. Limiting disclosure of these documents to the context of this litigation as provided herein will, accordingly, further important law enforcement objectives and interests, including the safety of personnel and the public as well as individual privacy rights of the Plaintiff and third persons.

4. The documents and information that constitute confidential information for purposes of this protective order include: materials entitled to privileges and/or protections under United States Constitution, First Amendment; the California Constitution, Article I, Section 1; California *Penal Code* Sections 832.5, 832.7 and 832.8; California *Evidence Code* Sections 1040 and 1043 et. seq; the Official Information Privilege; the Privacy Act of 1974, 5 U.S.C. § 552a; the right to privacy; and decisional law relating to such provisions. Confidential information with respect to the Defendants may include: internal affairs reports or investigations, personnel files, police training documents or policies that are kept from the public in

-2-

the ordinary course of business, and medical records and criminal history reports of non-party witnesses. Confidential information with respect to the Plaintiff may include: Plaintiff's employment records, telephone records, (whether voice or text) any Healthcare Practitioner's medical reports, psychological notes, evaluations, report and treatment plan relating to the treatment, care and evaluation of Plaintiff.

5. Confidential material shall be used solely in connection with the preparation and trial of the within case, *Perez v. County of Los Angeles et al.* Case No. 2:17-cv-01630-ODW (PLAx), or any related appellate proceeding and not for any other purpose, including any other litigation.

6. Material designated as "confidential" under this Protective Order, as well as the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "confidential material" or "confidential information") shall be used solely for the purpose of litigating this action, and for no other action or purpose.

7. Confidential material may not be disclosed except as provided in paragraph 8.

8. Confidential material may be disclosed only to the following persons:

(a) Counsel for any party, and any party to this litigation;

(b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

(c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

(d) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

(e) Any "in-house" expert designated by either party to testify at trial in this matter.

/ / /

-3-

Nothing in paragraph 7 is intended to prevent Defendants or other authorized government officials from having access to the documents if they would have had access in their normal course of their job duties. Further, nothing in Paragraph 7 is intended to prevent Plaintiff's employer or Healthcare Practitioners from having access to the documents if they would have had access in their normal course of their job duties.

9. Each person to whom disclosure is made, with the exception of those identified in paragraph 8 who are presumed to know the contents of the protective order, shall, prior to the time of disclosure, be provided a copy of this order by the person furnishing him/her such material, and shall agree on the record or in writing, that he/she has read the protective order, and that he/she understands the provisions of the protective order. Such person must also consent in writing to be subject to the jurisdiction of the district court for the Central District of California, with respect to any proceedings relating to enforcement of this order, including without limitation, any proceedings for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation. (See, Appendix "A").

10. Designation in conformity with this Protective Order requires: For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the producing party shall affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.

11. Confidential material must be stored and maintained by counsel for receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Confidential material shall be clearly marked by counsel for the receiving party and maintained by counsel for the receiving party with the following or similar legend recorded upon it in a way that brings its attention to a reasonable examiner:

-4-

1 CONFIDENTIAL: THESE DOCUMENTS ARE SUBJECT TO THE
2 TERMS AND CONDITIONS OF A PROTECTIVE ORDER, CASE NO. 2:17-cv-
3 01630-ODW (PLAx).

4 Any watermark or other mark affixed to the documents pursuant to this
5 paragraph shall be removed from any documents or evidence used during the trial in
6 this case, other than Bates-stamping.

7 12. Each person to whom disclosure is made shall not duplicate any
8 confidential information except for working copies and for filing with the Court.

9 13. Testimony taken at a deposition may be designated as confidential by
10 making a statement to that effect on the record at the deposition. Arrangements
11 shall be made with the court reporter transcribing the deposition to separately bind
12 such portions of the transcript containing information designated as confidential,
13 and to label such portions appropriately.

14 14. If any information and/or documents which are the subject of this
15 Protective Order are presented to this or any other court in any other manner prior to
16 the time of trial, said information and/or documents shall be lodged under seal in
17 compliance with Central District *Local Rule* 79-5.1. **Good cause must be shown**
18 **for the under seal filing.**

19 15. Nothing in this Protective Order shall limit the ability of either party to
20 use any document or confidential information in any court proceeding, including
21 trial. Documents shall be redacted to exclude personal information of any witness
22 or law enforcement officer. Moreover, any confidential material shall not lose its
23 confidential status through its use in any court proceeding in this action.

24 16. At the conclusion of the trial and of any appeal or upon termination of
25 this litigation, all confidential material received under the provisions of this order
26 shall be destroyed or, if appropriate, returned to the producing party and confirm
27 such actions in writing to that producing party.

28 17. If any party is served with a subpoena or an order issued in other

1  litigation that would compel disclosure of any information or items designated in this action as "confidential," that party must so notify the relevant party, in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

18. If any party learns that, by inadvertence or otherwise, he/she/it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, that party must immediately (a) notify the relevant party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Confidentiality Agreement ("Appendix "A").

19. Nothing in this Protective Order shall be construed as an admission that any privilege applies to documents produced by the opposing party in this case, nor shall anything herein be construed as a waiver of any privilege (including work product) that may be applicable to any document or information. Further, by stipulating to the entry of this Protective Order, the parties do not waive any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, the parties do not waive any right to object on any ground for use as evidence of any of the material covered by this Protective Order.

20. Further, this Protective Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Protective Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the

**1** absence thereof.

**21.** The Court shall have jurisdiction over the parties, their counsel and all persons to whom confidential information has been disclosed for the purpose of enforcing terms of this Protective Order, redressing any violation thereof, and amending or modifying the terms as the Court may deem appropriate.

**22.** The foregoing is without prejudice to the right of any party:

(a) To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation;

(b) To apply to the Court for an order removing the confidential material designation from any documents; and

(c) To apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

**23.** Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**24.** Should any party object to the designation of documents as confidential, subject to this protective order or subject to any sealing requirement, the objecting party must make their objection known to the producing party. The parties shall thereafter meet and confer in a good faith effort to informally resolve any such dispute and clearly set forth the basis for their positions, citing to authority where applicable. *Local Rule* 37 shall govern any motion to de-designate any

documents or information as confidential, subject to this protective order or subject to any sealing requirement.

**APPROVED AND SO ORDERED:**

Dated: August 2, 2017

_____
UNITED STATES MAGISTRATE JUDGE
HONORABLE PAUL L. ABRAMS

# APPENDIX "A"

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have read and understand the Stipulation for Protective Order and Protective Order of the United States District Court, Central District entered on the _____ day of _____, 201__, in the matter of *Perez v. County of Los Angeles et al.* Case No. 2:17-cv-01630-ODW (PLAx). A copy of the Stipulation for Protective Order and Protective Order has been delivered to me with my copy of this Acknowledgement and Agreement to Be Bound (hereinafter "Confidentiality Agreement"). I agree to be bound by all the terms of this Confidentiality Agreement.

I further agree to be bound by all the terms of the Stipulation for Protective Order and Protective Order and hereby agree not to use or disclose the confidential information or material (as defined by that Order) disclosed to me, except for purposes of this litigation as required by the Stipulation for Protective Order and Protective Order. I further agree and attest to my understanding that a breach of this Confidentiality Agreement may be directly actionable, at law and equity, and may constitute a violation of the Stipulation for Protective Order and Protective Order, and I further agree that in the event I fail to abide by the terms of the Stipulation for Protective Order and Protective Order, or if I disclose or make use of any confidential information acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

I further agree to submit to the jurisdiction of the United States District Court, Central District for the purpose of enforcing the terms of this Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated:

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City        State        Zip

_____
Occupation or Business