# United States District Court
# Central District of California

| | |
|---|---|
| DOLORES PEREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES;<br>RICHARD OCHOA; DOES 2–10,<br>inclusive,<br><br>        Defendants. | Case № 2:17-cv-01630-ODW-PLA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [41]** |

## I. INTRODUCTION & BACKGROUND

Plaintiff Dolores Perez alleges that Defendant Richard Ochoa, a deputy sheriff for Los Angeles County Sheriff's Department, shot and killed her son, Joshua Quintero. Perez sues Ochoa and the County of Los Angeles (the "County") under 42 U.S.C. § 1983 and various state-law claims—false arrest/false imprisonment, battery, negligence, and violation of California Civil Code § 52.1. (First Am. Compl. ("FAC"), ECF No. 36.) The County now moves to dismiss Perez's state-law claims under Federal Rule of Civil Procedure 12(b)(6), arguing that Perez failed to timely

submit pre-suit notice of her claims to the County. For the following reasons, the Court **DENIES** the County's Motion. (ECF No. 41.)[1]

## II. LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court must dismiss a complaint that does not assert a cognizable legal theory or fails to plead sufficient facts to support an otherwise cognizable legal theory. Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. DISCUSSION

The County argues that the Court should dismiss Perez's state-law claims because she did not present a formal claim prior to bringing suit pursuant to California Government Code §§ 912.4 and 945.4. (Mot. 5, ECF No. 41.) In her FAC, Perez alleges on October 18, 2016, she "filed a comprehensive and timely claim for damages with the County of Los Angeles pursuant to applicable sections of California Government Code." (FAC ¶ 18.) She also alleges that since she received no written rejection from the County, her claim was rejected by operation of law. (*Id.*) The County asks the Court to take judicial notice of documents that purportedly contradict Perez's allegations.

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

**A. The County's Request for Judicial Notice**

While a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court may consider any documents referenced in the complaint, and may take judicial notice of matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee*, 250 F.3d at 688–89.

The County requests the Court take judicial notice of the declaration of Katherine Medina, the Deputy Clerk of the Board of Supervisors for the County of Los Angeles and Custodian of Records for claims submitted to the Board of Supervisors, in which she testifies that the County has no public record of Perez's claim. (Req. for Judicial Notice, Ex. A, ECF No. 40.) The County argues that Medina's declaration is appropriate for judicial notice because it contains a public record and describes official acts of the County. (*Id.* at 2.) Judicial notice, however, must be limited to facts that are not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Whether Perez actually presented her claim to the County is a question of disputed fact. At this stage, the Court finds it inappropriate to take judicial notice of the facts contained in Medina's Declaration.[2]

The County cites a number of cases from the Eastern District of California in support of its request. The Court finds these cases inapplicable, however, because unlike Perez, the plaintiffs in those cases failed to affirmatively plead compliance with the presentation requirements in the Government Code. *See Evans v. CSP Sacramento*, No. CIV S-10-1969, 2011 WL 4738472, at *4 (E.D. Cal. Oct. 5, 2011) ("Plaintiff has failed to provide any information that he complied with the

---

[2] In support of her opposition, Perez submits evidence supporting her allegations that she did, in fact, timely present her claim to the County. (ECF Nos. 42, 43.) Because the Court finds that it is inappropriate to decide this disputed fact issue at the pleading stage, the Court declines to consider Perez's evidence at this time.

[Government Claims Act]."); *Elliott v. Amador Cnty. Unified Sch. Dist.*, No. 2:12-cv-00117-MCE-DAD, 2012 WL 5013288, at *6 (E.D. Cal. Oct. 17, 2012) (finding that plaintiff failed to present their tort claim to the correct public entity based on the claim form attached to their complaint).

Accordingly, the Court **DENIES** the County's request for judicial notice as to Exhibit A. (ECF No. 40.)

**B.  Compliance with California Government Code**

In deciding a motion to dismiss, the Court can consider only the pleadings and documents that are incorporated by reference therein or are properly the subject of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). The Court finds that Perez has adequately pled compliance with the presentment requirements of the Government Code. Therefore, the Court **DENIES** the County's Motion to Dismiss. (ECF No. 41.) The question of whether she actually complied with these requirements is better left for motions for summary judgment after discovery has occurred.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the County's Motion to Dismiss. (ECF No. 41.)

**IT IS SO ORDERED.**

February 8, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

4